# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MANCHA, ) | Case No. ED CV 11-1314 JCG |
| Plaintiff, ) | |
| v. ) | **MEMORANDUM OPINION AND ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, ) ) ) | |
| Defendant. ) | |

Michael Mancha ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits.

Plaintiff contends that the Administrative Law Judge ("ALJ") erred at Step Four. According to Plaintiff, the ALJ improperly relied on the vocational expert's ("VE") testimony that Plaintiff could perform his past relevant work – as a mobile home utility worker – despite his residual functional capacity ("RFC") limiting him to "non-public work." (Joint Stip. at 3-4.)

Specifically, Plaintiff argues that his past relevant work does not comport with his RFC because it may require, according to the *Dictionary of Occupational Titles* ("DOT"), "driving a truck to pick up and/or deliver mobile homes." (*Id.*) In other

words, the DOT ostensibly contemplates the position to entail some interaction with the public (*e.g.*, vendors and customers).  (*Id.*)

The Court disagrees with Plaintiff.

As a matter of law, neither the DOT nor the testimony of the VE "automatically 'trumps' when there is a conflict" between the two. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) (footnote omitted).  Instead, if a conflict exists, the ALJ "must then determine whether the [VE's] explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]." *Id.*

In the present case, no conflict even exists between Plaintiff's RFC and his past relevant work as described by the DOT.  To that end, the DOT specifies the position of mobile home utility worker as requiring a *minimum* amount of interaction with people.  DOT 899.484-010 (rating on an eight-point scale the position's requirements in relation to people as eight); *see also* DOT, Appendix B, 1991 WL 688701 (defining a rating of eight as requiring the lowest degree of interaction with people (*i.e.*, simply "[a]ttending to the work assignment instructions or orders of [a] supervisor")).

Legal authorities further buttress this conclusion.  *See, e.g., Garcia v. Astrue*, 2011 WL 2173806, at *3 (C.D.Cal. June 1, 2011).  In *Garcia*, for instance, the court found that the DOT job of "cleaner, housekeeping" was not inconsistent with a limitation of non-public work because "it does not involve a significant degree of relating to or interacting with people." *Id.*  Parallel to the instant case, in *Garcia*, the court also took note of the precise occupational codes, which indicated limited interaction with people.

Aside from the more complete DOT description of the position and a prior court decision on point, there also lies Plaintiff's own description of his past position.  Notably, Plaintiff's work history report did not indicate any meaningful interaction with the public.  (*See* AR at 118.)

All considered, since there is no apparent conflict between the VE's testimony and the DOT, the ALJ was not required to provide an explanation for relying on that part of the VE's testimony. *See* SSR 00-4p, 2000 WL 1898704, at *4 ("If the VE's . . . evidence *appears to conflict* with the DOT, the adjudicator will obtain a reasonable explanation for the *apparent conflict*" (emphasis added)).

Accordingly, the Court finds that the ALJ's step-four determination is supported by substantial evidence and the ALJ properly relied on the VE's testimony. *See Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: June 28, 2012

_____
Hon. Jay C. Gandhi
United States Magistrate Judge